UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY BOWSER, JR.,

    Plaintiff,

v.

ENTERPRISE LEASING COMPANY
OF DETROIT, LLC,

    Defendant.

Case No. 1:18-cv-418

Honorable Robert J. Jonker

### REPORT AND RECOMMENDATION

This is a Title VII action brought *pro se* by plaintiff against his former employer. On July 30, 2018, the Court ordered plaintiff to file "a second amended complaint setting forth in one pleading his claim or claims against defendant." (Order at 2, ECF No. 14, PageID. 105). On August 3, 2018, plaintiff filed his Second Amended Complaint and it is his operative pleading.[1] (ECF No. 15). Plaintiff's pleading concludes with the prayer for relief set forth verbatim below:

> Jerry Bowser Jr is asking for 100 million dollars. For the verbal racial threats towards himself and his children and the physical attempts on his life induced by racial hatred. As well as the terrorist plots to harm him.

(*Id.* at PageID.111).

---

[1] On August 6, 2018, plaintiff filed a document labeled as a Second Amended Complaint, Revised (ECF No. 16). This document is disregarded because plaintiff could not further amend his complaint without leave of court. *See* FED. R. CIV. P. 15(a)(2). The proposed revised pleading is incoherent and disregarding it results in no prejudice to plaintiff. If the document was considered, the recommendation made herein would be unchanged.

The matter is before the Court on defendant's Rule 12(b)(6) motion seeking dismissal of plaintiff's Second Amended Complaint. (ECF No. 17). Plaintiff did not file a response. For the reasons set forth herein, I recommend that the Court grant defendant's motion and enter a judgment dismissing plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted.

## Applicable Standards

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, the [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (Plaintiff "must meet the requirements of *Twombly* and *Iqbal* for each of his claims in order to survive a Rule 12(b)(6) motion to dismiss.").

"A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## **Allegations**

Plaintiff's allegations are generally incoherent. It is not possible to organize alleged events into a chronological order because no dates are provided.

Plaintiff cites links to newspaper articles regarding Tesla battery explosions and expresses a belief that someone is trying to kill him. (ECF No. 15 at PageID.110-

11).  Plaintiff apparently believes that there is some sort of link between ISIS terrorists and "the password 7NTB45." (*Id.* at PageID.110).  Elsewhere plaintiff indicates that his name is the password and that someone did not want him to have credit for "bringing down ISIS." (*Id.* at PageID.109-10).

Plaintiff states that he showed pictures of his children to someone named Jade and she purportedly threatened to kill his children.  (*Id.* at PageID.108).  Someone named Lauren called plaintiff "Jerry Bowser Junior multiple times after he politely asked her not to do so." (*Id.*).  She also mentioned the FBI, which plaintiff interpreted as an assertion that "she was a cop, and Jerry Bowser Jr[.] should run from her." (*Id.*).

Plaintiff filed an administrative charge against Enterprise Leasing Company of Detroit, LLC, alleging that his employment was terminated based on his race and he obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission.  (ECF No. 1-1, PageID.5-6).  Plaintiff's Second Amended Complaint is devoid of any specific factual allegations regarding the termination of his employment.

## Discussion

"Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' " *Block v. Meharry Med. Coll.*, 723 F. App'x 273, 277 (6th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)).

There is no individual employee or supervisor liability under Title VII because they do not meet the definition of an "employer." *Wathen v. General Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997). Plaintiff has not alleged facts to state a claim to relief that is plausible on its face against defendant. *See Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (Dismissal under Rule 12(b)(6) is appropriate where the plaintiff's pleading "lists conclusory allegations of discrimination and fails to provide, as required by *Twombly* and *Iqbal*, the 'sufficient factual matter' necessary to create an inference of discrimination.").

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court grant defendant's motion (ECF No. 17) and enter a judgment dismissing plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted.

Dated:   November 29, 2018          /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).